UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12066-RGS

TOMMY CABRAL CARDENAS,

v.

LAWRENCE SUMMERS,
FORMER PRESIDENT OF HARVARD UNIVERSITY

MEMORANDUM AND ORDER
December 16, 2011

STEARNS, D.J.

BACKGROUND

On October 14, 2011, plaintiff Tommy Cabral Cardenas ("Cardenas"), a resident of Visalia, California, filed a skeletal self-prepared complaint against the former President of Harvard University alleging retaliation and discrimination. Cardenas also sought a waiver of the filing fee. Because the filing lacked the necessary case-opening information, the Clerk's Office did not open this action as a new civil case, but sent the pleadings back to Cardenas along with instructions for filing a civil complaint in this court, the Pro Se Step-By-Step Guide, and the standard form for seeking a waiver of the filing fee.

On November 22, 2011, Cardenas re-filed his complaint, naming as the defendant Lawrence Summers, the former President of Harvard University, alleging him to be a resident of Cambridge, Massachusetts. The Clerk's Office accepted this complaint for filing; however, as with the original, the November 22, 2011 complaint is neither organized nor coherent. From what can be gleaned, it appears that Cardenas is asserting discrimination claims against the defendant pursuant to the Americans With Disabilities Act. Additionally, he alleges discrimination based on his age and Mexican-American nationality. He also alleges retaliation.

Cardenas states in the body of the complaint that he applied for a position as a coordinator on July 4 ,2010, and applied for President on January 15, 1991. He also claims he was denied [admission] to Harvard medical school on November 1, 1986. Further, he alleges that on November 1, 1956, he was hired "to President by parental control." Compl. at 1. He states he is exempt by Navy disability, and he "pray[s] for professor work." Id. at 2. As relief, he seeks free room and board with a private bath, and free tuition.

Along with the complaint, Cardenas filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion to Appoint Counsel (Docket No. 3).

DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

A review of Cardenas's financial disclosures indicates that he is unemployed and has no substantial assets or income. In light of this, the court finds he lacks sufficient funds to pay the $350.00 filing fee for this action.

Accordingly, Cardenas's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

II. The Complaint is Subject to Screening

Because Cardenas is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

For purposes of preliminary screening, the court liberally construes the Complaint because Cardenas is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). Even under a liberal construction, however, this action is subject to dismissal in its entirety for the reasons discussed below.

III.   Failure to State Plausible Claims Upon Which Relief May Be Granted; Failure to Comply With Fed. R. Civ. P. 8

Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004).

Here, as noted above, Cardenas's complaint is virtually unintelligible; it presents no discernible claims upon which relief may be granted. Although Cardenas makes bald allegations that the former President of Harvard University discriminated against him and retaliated against him on the basis of national origin (Mexican-American), age (63), and/or disability (*i.e.*, an unidentified "Navy" disability), he fails to provide any material information concerning the underlying factual

3

basis for any of his claims.

In short, the Complaint fails to set forth the necessary "who, what, when, where, and why" information to state plausible claims upon which relief may be granted against this defendant. Notwithstanding that Cardenas is proceeding *pro se* and lacks legal skills, he bears the burden to set forth claims in a manner that would permit the defendant a meaningful opportunity to file a response. A plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" quoting *Twombly*, 550 U.S. at 555).[1]

In light of the above, this Court cannot permit this action to proceed as pled because it would be immensely unfair to require the defendant to peruse the Complaint and guess as to the basis for liability in order to file a response.

For these reasons, this action is subject to dismissal pursuant to 28 U.S.C.

---

[1] While the court must liberally construe Cardenas's complaint, the court cannot fashion his claims for him. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." *Terrance v. Cuyahoga County*, 2005 WL 2491531 at *1 (N.D. Ohio 2005) *citing Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with pro se complaints). Such an exercise by the Court would "'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Terrance*, 2005 WL 2491531 at *1, *quoting Beaudett*, 775 F.2d at 1278. *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[The] failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." *Terrance*, 2005 WL 2491531 at *1.

§ 1915(e)(2)(B)(ii) (failure to state a claim).

IV. Statute of Limitations as Bar to Claims

Cardenas has alleged discrimination and retaliation purportedly occurring in 1956, 1986, 1991, and 2010. With respect to those alleged wrongful actions occurring in 1956 through 1991, to the extent those claims are based on discrimination or retaliation, they are barred by the statute of limitations applicable to federal discrimination statutes.

"[T]he primary purpose of a statute of limitations is to prevent plaintiffs from sleeping on their rights and to prohibit the prosecution of stale claims." *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 41 n.11 (1st Cir. 2006) (quoting *Edes v. Verizon Communications, Inc.*, 417 F.3d 133, 142 (1st Cir. 2005)).

In light of the lack of any underlying facts forming Cardenas's claims of discrimination and retaliation, this Court makes no final determination as to whether his 1956, 1986 and 1991 claims are barred by the statute of limitations; however, the Court will require that in any Amended Complaint, Cardenas set forth underlying facts or circumstances that demonstrate that his discrimination and retaliation claims are not frivolous as time-barred.[2]

V. Order to Amend Complaint

In light of all of the above, this action will be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Cardenas files an Amended Complaint curing the

---

[2] The Court recognizes that a complaint may be dismissed on statute of limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.'" *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002) (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)). Nevertheless, the United States Court of Appeals for the First Circuit has held that "a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under the *in forma pauperis* statute. *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991), *cert. denied*, 112 S. Ct. 948 (1992) (quoting *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991), *cert. denied*, 112 S. Ct. 948 (1992)).

pleading deficiencies noted above, setting forth plausible claims for relief in accordance with Rule 8, and setting forth a basis for this Court to find that his alleged discrimination and retaliation claims occurring prior to 1991 are not time-barred. Cardenas is advised that this court will not permit him continual attempts to file amended complaints in order to comply with the directives contained in this Memorandum and Order. Therefore, Cardenas is strongly urged to consider whether to seek legal advise in this matter.

VI.     The Motion to Appoint Counsel

Cardenas seeks appointment of *pro bono* counsel because he cannot afford to retain his own attorney. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

Here, given the substantial pleading deficiencies and the apparent lack of cognizable claims based on the statute of limitations bar to most of his claims, this court cannot find that exceptional circumstances exist to warrant the expenditure of scarce *pro bono* resources. Accordingly, Cardenas's Motion to Appoint Counsel (Docket No. 3) is <u>DENIED</u>. Cardenas must proceed *pro so* in this action or retain his own counsel if he wishes to proceed with this

action.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Within 35 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, failing which, this action shall be dismissed; and

3. Plaintiff's Motion to Appoint Counsel (Docket No. 3) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE